IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULIE WILLIAMS, on behalf of herself and all others similarly situated, | : : : | CIVIL ACTION |
| Plaintiff, | : : | |
| v. | : : | |
| ENTERPRISE HOLDINGS, INC. f/k/a Enterprise Rent-A-Car, EAN SERVICES, LLC and ENTERPRISE LEASING COMPANY OF PHILADELPHIA, LLC, | : : : : : | NO. 12-05531 |
| Defendants. | : | |

**MEMORANDUM**

BUCKWALTER, S.J.  March 20, 2013

Currently pending before the Court is Defendants Enterprise Holdings, Inc., EAN Services, LLC, and Enterprise Leasing Company of Philadelphia, LLC's Motion to Dismiss Plaintiff Julie William's Complaint. For the following reasons, the Motion is granted.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

This suit is the result of a rental car agreement between Plaintiff Julie Williams and Defendant Enterprise Leasing Company of Philadelphia ("Enterprise"), which is a subsidiary of parent companies and co-defendants EAN Services, LLC and Enterprise Holdings, Inc.[1] According to the facts as set forth in the Complaint, Plaintiff, a California resident, rented a vehicle from Enterprise on March 8, 2012 at the Philadelphia International Airport. (Compl. ¶ 15, 27.) This agreement included a section in which Ms. Williams agreed that, if there were any

---

[1] In her Response in Opposition to Defendants Motion to Dismiss, Plaintiff agrees to voluntarily dismiss Defendant Enterprise Holdings, Inc.

damages to the vehicle, she would be responsible for such damages pursuant to Pennsylvania law. (Id.) The amount of damages to be charged to the consumer is set forth in the contract itself and includes charges for (1) diminishment of value to the vehicle, (2) the cost of repair for the vehicle when the damages are above $500, (3) the loss of use of the vehicle, and (4) an administrative fee. (Id. ¶ 2.) If a customer elects to have insurance coverage provided by Enterprise, however, some of these fees will not be charged directly to the customer. (Id. ¶ 3.)

After Ms. Williams returned the vehicle, Enterprise charged Ms. Williams $707.99 in damages, including $509.96 in alleged actual repair costs, a $100 administration fee, $45.81 for loss of use of the vehicle, and $52.22 in diminished value of the vehicle. (Id. ¶¶ 28–29.) Ms. Williams paid her bill for the damages under protest. (Id. ¶ 30.)

Ms. Williams brought the current suit on September 27, 2012 as a class action on behalf of herself and all persons similarly situated. (Id. ¶ 32.) She defines the class as "All current and former Enterprise customers who rented a vehicle from Enterprise and were charged unlawful penalties within the past four years of filing this complaint and up through the present in the State of Wisconsin, Commonwealth of Pennsylvania and the State of New York. (Id. ¶ 34.) The Complaint alleges in Count I that Defendants breached their contract with Plaintiff by charging her unlawful penalties. In Count II, the Complaint alleges that Defendants were unjustly enriched as a result of charging Plaintiff unlawful penalties. On November 30, 2012, Defendants filed a Motion to Dismiss all Counts of the Complaint. Plaintiffs filed a Response in Opposition on January 4, 2013. Defendants filed a Reply brief on January 25, 2013, making this matter ripe for consideration.

## II.     STANDARD OF REVIEW

Under Rule 12(b)(6), a defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted. Fed. R. Civ. P.12(b)(6); see also Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). In Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the United States Supreme Court recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. Following these basic dictates, the Supreme Court, in Ashcroft v. Iqbal, 556 U.S. 662 (2009), subsequently defined a two-pronged approach to a court's review of a motion to dismiss. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Thus, although "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678–79. Second, the Supreme Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679. "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. A complaint does not show an entitlement to relief when the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct. Id.; see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232–34 (3d Cir. 2008) (holding that: (1) factual allegations of complaint must provide notice to defendant; (2) complaint must allege facts suggestive of the

3

proscribed conduct; and (3) the complaint's "'factual allegations must be enough to raise a right to relief above the speculative level'") (quoting Twombly, 550 U.S. at 555)).

Notwithstanding these new dictates, the basic tenets of the Rule 12(b)(6) standard of review have remained static. Spence v. Brownsville Area Sch. Dist., No. Civ.A.08-626, 2008 WL 2779079, at *2 (W.D. Pa. July 15, 2008). The general rules of pleading still require only a short and plain statement of the claim showing that the pleader is entitled to relief and need not contain detailed factual allegations. Phillips, 515 F.3d at 233. Further, the court must "accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff." Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). Finally, the court must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Pinkerton v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002).

### III. DISCUSSION

#### A. Plaintiff's Breach of Contract Claim

Defendants seek to dismiss the Breach of Contract claim on multiple grounds. They first allege that Plaintiff's breach of contract claim is barred by the voluntary payment doctrine. Second, they allege that there can be no breach of contract claim because there was never any actual breach. Finally, they state that Plaintiff's argument that the damage clause of the contract is unconscionable fails because unconscionability may only be asserted as an affirmative defense.

##### 1. Plaintiff's Claim Is Barred By The Voluntary Payment Doctrine.

The voluntary payment doctrine is a form of estoppel. "Under the voluntary payment doctrine, '[w]here . . . one voluntarily and without fraud or duress pays money to another with full knowledge of the facts, the money paid cannot be recovered.'" Corporate Aviation

4

Concepts, Inc. v. Multi-Service Aviation Corp., No. Civ.A.03-3020, 2005 WL 1693931, at *5 (E.D. Pa. July 19, 2005) (quoting Acme Mkts., Inc. v. Valley View Shopping Ctr., Inc., 493 A.2d 736, 737 (Pa. Super. Ct. 1985); see also Ochiuto v. Prudential Ins. Co. of Am., 52 A.2d 228, 230 (Pa. 1947). "Thus, money paid voluntarily, although under a mistake of law as to the interpretation of a contract, cannot be recovered." Acme Mkts., 493 A.2d at 737.

Defendants contend that since Williams paid for the damages as stated in the contract—even though under protest—she is barred from recovering because of the voluntary payment doctrine. The Court agrees. As Defendants point out, in Abrevaya v. VW Credit Leasing, Ltd., No. Civ.A.09-521, 2009 WL 8466868, at *2 (E.D. Pa. July 22, 2009)—a case that is almost factually identical to the current matter—the court found that the Plaintiff could not recover money he paid to a rental car agency for damages to the vehicle under a breach of contract theory because recovery was barred by the voluntary payment doctrine.

Exceptions to the voluntary payment doctrine occur when, like the name implies, payment is not voluntary. As stated in Abrevaya, "if one chose to pay without full knowledge of the facts, or because of the other party's fraud, or under some type of duress, then the voluntary payment doctrine does not apply; the decision to pay in the first two circumstances would not be fully informed, and a payment made under duress would not be voluntary[.]" Id. Ms. Williams contends that the voluntary payment doctrine should not apply in the current case because she paid Enterprise as a result of duress—the duress of having a negative credit score if payments were not made. However, as the Court in Abrevaya found when responding to the same argument, "'[economic duress] must be more than a mere threat which might possibly result in injury at some future time, such as a threat of injury to credit in the indefinite future[.]'" Id. at *3

(quoting Nat'l Auto Brokers Corp. v. Aleeda Dev. Corp., 364 A.2d 470, 476 (Pa. Super. Ct. 1976)). Similarly, a mistaken belief that one is legally required to pay the debt is insufficient to overcome the doctrine, as the doctrine accounts for mistakes of fact and law. Abrevaya, 2009 WL 8466868, at *2. Thus, Plaintiff's belief she was legally required to pay does not make her payment involuntary.[2]

## 2. The Rental Agreement Was Never Breached

Defendants also contend that Plaintiff's breach of contract claim fails because there was never an actual breach—the contract accounted for the possibility of damage to the rental vehicle and stated what payments would be required in such an event. Because Plaintiff paid for the damages billed by Enterprise, there was no breach of contract. Indeed, in the Complaint, Plaintiff does not indicate in what manner Defendants breached the contract. The only relevant language pertaining to an alleged breach states, "Defendant's policy and/or practice to charge such unlawful penalties is a breach of contract with Plaintiff and the class." (Compl. ¶ 40.)

One possible theory is that Plaintiff believes the contract was breached when the vehicle was damaged. This would explain why Plaintiff describes the damage provision of the contract as a liquidated damages clause, suggesting that it is an agreed upon sum of money that must be paid in the event of a breach. The contract never states, however, that Plaintiff has a contractual obligation to avoid damaging the car, only that Plaintiff will be responsible for the agreed upon

---

[2]Plaintiff also asks this court to reject the voluntary payment doctrine, stating that it is an outdated law and "[the Supreme Court of] Pennsylvania would probably find that [the] voluntary payment doctrine does not provide a defense to the defendant where there is a mistake of law and fact." (Pl.'s Resp. Opp'n Mot. To Dismiss 10.) As noted above, however, courts in this area have recently applied the doctrine, and there is no precedent indicating the law is likely to soon be abolished.

sum if the car is damaged. Put more simply, the contract anticipates the reality that rental cars will be involved in accidents—indeed, this is the very reason rental companies provide for optional insurance coverage. Accordingly, because Plaintiff has not alleged a breach, she cannot recover for breach of contract.

### 3. Unconscionability Cannot Be Used As An Affirmative Cause Of Action

Finally, Defendants move to dismiss the breach of contract claim because Plaintiff's claim of an unconscionable liquidated damages clause cannot be used to state an affirmative cause of action. Defendants are correct. Under Pennsylvania law, "Unconscionability may only be asserted as a defense in an action on a contract for the sale of goods." Witmer v. Exxon Corp., 394 A.2d 1276, 1286–86 (Pa. 1981). Plaintiff offers no explanation as to how unconscionability may be asserted as a cause of action. Rather, she cites caselaw in which liquidated damage provisions are struck from contracts due to unconscionability. However, as suggested in the section above, there is no indication either that the damages provision of the contract at issue is a liquidated damages provision or that it is unconscionable.[3] In any event, to prevail in this manner Plaintiff would have needed to refuse payment, breached the contract, and then asserted unconscionability as a defense if sued by Enterprise for refusing payment.

---

[3] Plaintiff cites to Benson v. Budget Rent A Car System Inc., No. Civ.A.08-4512, 2011 WL 4528334, at *5 (E.D. Pa. Sept. 29, 2011), for the proposition that a car rental agreement's damage provision is a liquidated damages clause. In that case, which only alleged violations of the Pennsylvania Fair Credit Uniformity Act, 73 Pa. C.S. § 2270.2 et. seq., the court denied summary judgment because there was a question as to whether the damage calculation in the rental car agreement—which it described as a "liquidated damages" provision—was reasonable. There was no discussion in that case, however, as to why the provision at issue should be considered a liquidated damage provision. Moreover, even assuming for purposes of this Motion that the provision was for liquidated damages in lieu of a breach, Plaintiff's remedy in this case would have been to refuse payment and assert unconscionability as an affirmative defense.

For all the above stated reasons, Plaintiff's breach of contract claim fails and Defendants' Motion is granted on this claim.

**B.  Plaintiff's Unjust Enrichment Claim**

An action based on unjust enrichment is an equitable action which sounds in quasi-contract, a contract implied in law. Sevast v. Kakouras, 915 A.2d 1147, 1153 n.7 (Pa. 2007). A plaintiff who claims unjust enrichment must "'show that the party against whom recovery is sought either wrongfully secured or passively received a benefit that would be unconscionable for the party to retain without compensating the provider.'" Bair v. Purcell, 500 F. Supp. 2d 468, 499 (M.D. Pa. 2007) (quoting Hershey Foods Corp. v. Ralph Chapek, Inc., 828 F.2d 989, 999 (3d Cir. 1987)). Under Pennsylvania law, the elements of a claim for unjust enrichment are: (1) the plaintiff conferred a benefit upon the defendant; (2) an appreciation of such a benefit by the defendant; and (3) the defendant accepted and retained such benefit under circumstances where it would be inequitable for the defendant to retain the benefit without payment of value. Global Ground Support, LLC v. Glazer Enter., Inc., 581 F. Supp. 2d 669, 675 (E.D. Pa. 2008).

Nonetheless, it is a well-established rule that the doctrine of unjust enrichment is inapplicable when the relationship between the parties is founded upon written agreements, no matter how "harsh the provisions of such contracts may seem in the light of subsequent happenings." Wilson Area Sch. Dist. v. Skepton, 895 A.2d 1250, 1254 (Pa. 2006) (quotations omitted). As previously noted by this Court:

[This] bright-line rule also has deep roots in the classical liberal theory of contract.

> It embodies the principle that parties in contractual privity . . . are not entitled to the remedies available under a judicially-imposed quasi-contract because the terms of their agreement (express or implied) define their respective rights, duties, and expectations.

Curley v. Allstate Ins. Co., 289 F. Supp. 2d 614, 620–21 (E.D. Pa. 2003).

It is clear in this case that the money paid to Enterprise was as a result of the contract. Because the contract appears to be valid—both parties received exactly that for which they bargained—any claim for unjust enrichment must fail.

## IV.  CONCLUSION

For all of the above stated reasons, Defendants' Motion to Dismiss is granted. The breach of contract claim fails, as plaintiff has failed to allege a breach. Moreover, plaintiff's voluntary payment precludes recovery under the voluntary payment doctrine. Finally, plaintiff cannot assert unconscionability of the contract as an affirmative cause of action. Plaintiff's unjust enrichment claim similarly fails, as the exchange of money between the parties was explicitly governed by the written rental agreement.[4]

An appropriate Order follows.

---

[4] Because the Complaint is being dismissed in its entirety, Plaintiff's class allegations and Defendants' arguments to strike the class need not be analyzed.